# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-cr-00444-PMP-PAL |
|          Plaintiff, | **ORDER** |
| vs. | [Second Motion to Modify Conditions of Pretrial Release (#57)] |
| OVIDIU ENE, | |
|          Defendant. | |

Before the Court is the Second Motion to Modify Conditions of Pretrial Release (#57).

**Relevant Background:**

On April 24, 2012, the Court held an initial appearance on Defendant Ovidiu Ene. Defendant was arraigned on Superseding Indictment and pleaded NOT GUILTY to count(s) 1 through 7. Defendant was released on PR Bond with conditions. (#28). On July 19, 2012, Defendant filed the first Motion to Modify Conditions of Pretrial Release. (#42). On July 25, 2012, the Court ordered the Government to file a response to the motion by August 4, 2012. (#45). The Response to the first Motion to Modify Conditions of Pretrial Release was filed on August 1, 2012. (#46). On August 2, 2012, the Court denied the first Motion to Modify Conditions of Pretrial Release. (#47).

Defendant's Second Motion to Modify Conditions of Pretrial Release (#57) was filed on December 6, 2012. On February 26, 2013, the Court set a hearing for March 21, 2013 on the Second Motion to Modify Conditions of Pretrial Release (#62). To date, an opposition has not been filed.

Defendant Ene requests the Court to reconsider his prior request to remove the electronic condition imposed on April 24, 2012. *Id.* Defendant has been in compliance with his monitoring over seven (7) months. He has turned over his passport and does not have plans to travel abroad without permission from the Court. He has extensive ties to Las Vegas, Nevada and does not pose a risk of flight. *Id.*

The Court held a hearing on March 21, 2013. Appearing on behalf of the Government, Kathryn Newman, Esq., states that Government opposes the Motion and the prior opposition to the first Motion to Modify Conditions of Pretrial Release (#46) still stands. Due to an oversight in her office, an opposition to the second Motion was not filed on the docket. She continues to believe that Defendant is a flight risk. He has ties and resources to other countries. The GPS monitoring poses minimal burdens on Defendant and the need for one is still relevant.

Defendant's counsel, Gabriel Grasso, Esq., argues that Defendant has been in compliance with his GPS monitoring. Due to Defendant's extensive business and family ties to Las Vegas, he is not a flight risk. Mr. Grasso also expresses that with the upcoming warmer weather, Defendant would like to wear shorts at his business events and is not able to do so with a GPS monitoring device. Mr. Grasso requests the Court to lessen the home confinement restrictions. Pretrial services has no opposition to the removal of the GPS monitoring condition.

**Discussion:**

The Court notes that the request for changes in the home confinement restrictions was not mentioned in the Motion. There will not be any changes to the home confinement restrictions. Defendant has been able to continue his working life in compliance with this restriction. According to The Bail Reform Act of 1984, the Court must consider all reasonable less restrictive alternatives to detention. The Court has done so in this circumstance. At the initial appearance on April 24, 2012, the Government moved for detention. After hearing Defendant's arguments, the Court released Defendant

on PR Bonds with conditions. (#28). The GPS monitoring condition poses very limited restrictions on Defendant and such condition will remain unchanged.

According,

IT IS HEREBY ORDERED that Defendant's Second Motion to Modify Conditions of Pretrial Release (#57) is DENIED.

DATED this 21st day of March, 2013.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE